DENNIS A. CAMMARANO/BAR NO. 123662
CAMMARANO LAW GROUP
555 East Ocean Boulevard, Suite 501
Long Beach, California  90802
Telephone:  (562) 495-9501
Facsimile: (562) 495-3674

Attorneys for Plaintiff,
AGCS MARINE INSURANCE COMPANY

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| AGCS MARINE INSURANCE COMPANY,<br><br>    Plaintiff,<br><br>vs.<br><br>TUTOR PERINI CORPORATION; and DOES 1 through 10, inclusive,<br><br>    Defendants.<br>_____ | Case No.:<br><br>**COMPLAINT FOR:**<br><br>**1. NEGLIGENCE;**<br>**2. TRESPASS TO CHATTELS;**<br>**3. TRESPASS;**<br>**4. CONVERSION AND**<br>**5. ULTRA-HAZARDOUS ACTIVITY** |

    COMES NOW Plaintiff AGCS MARINE INSURANCE COMPANY (herein "Plaintiff") by and through its undersigned counsel and pursuant to the applicable Local Rules and Federal Rules of Civil Procedure, hereby sues Defendant TUTOR PERINI CORPORATION; and DOES 1 through 10, inclusive (herein "Defendants") and alleges as follows:

**JURISDICTION AND VENUE**

    1.    The court has jurisdiction pursuant to 28 U.S.C. 1332 in that the citizenship and principal place of business of Plaintiff is diverse from those of Defendants, with the amount in controversy exceeding $75,000, exclusive of interest and costs.

    2.    Venue is proper in this Court under 28 U.S.C. 1391(b) in that the

event given rise to the claim occurred within this judicial district.

3. Plaintiff, AGCS MARINE INSURANCE COMPANY (hereinafter "AGCS" or "Plaintiff") is an insurance corporation incorporated under the laws of the State of Illinois, with an office and principal place of business at 28 Liberty Street, 37th floor, New York, New York 10005. Plaintiff brings this action on its own behalf as the inventory insurer of the owner of the Cargo described below (Warren Corporation dba Lora Piana & Co., Inc.).

4. At all times material herein, Defendant TUTOR PERINI CORPORATION (hereinafter "TUTOR PERINI" or with Does "Defendants") was a corporation incorporated under the laws of the State of Massachusetts, with an office and principal place of business at 15901 Olden St., Sylmar, California 91342. This defendant is engaged in business a construction company.

5. Plaintiff has no knowledge of the true names and capacities of Defendants sued herein as Does 1 through 10 inclusive, except that Plaintiff is informed and believes, and on that basis alleges, the damage to the Cargo was proximately caused by Defendants' wrongful acts. Plaintiff therefore sues these Defendants by such fictitious names and Plaintiff will amend this complaint to allege their true names and capacities when ascertained.

6. Plaintiff is informed and believes, and on that basis alleges, that each of the Doe Defendants were at all times herein mentioned the agent, servant, employee or contractor of the other Defendants.

## FIRST CAUSE OF ACTION AGAINST ALL DEFENDANTS
### (Negligence)

7. Plaintiff refers to Paragraphs 1 through 6, inclusive, of this complaint, and incorporates them herein as fully set forth.

8. On or about July 11, 2014, Defendants, and each of them, were engaged in excavation, land compression demolition and construction work outside the premises occupied by Plaintiff's insured, Warren Corporation dba Lora Piana

& Co., Inc., located at 212 Stockton St, San Francisco, California 94108 (hereafter "Property") when water intruded into the lower level of the Property, damaging the inventory and business property of Plaintiff's insured. ("Cargo").

9. The loss and damage to the Cargo was directly and proximately caused by the negligence and carelessness of Defendants, and each of them.

10. As a direct and proximate result of such conduct, Plaintiff and its insured have been damaged in the sum of $1,520,991.00, plus miscellaneous expenses, interest and costs, no part of which has been paid by Defendant, despite demand therefor.

## SECOND CAUSE OF ACTION AGAINST ALL DEFENDANTS
### (Trespass to Chattels)

11. Plaintiff refers to paragraphs 1 through 10, inclusive of this complaint and incorporates them herein as though fully set forth.

12. At all times mentioned herein, Plaintiff's insured was the owner of, and entitled to possession of, the Cargo.

13. Through their construction work and/or the work of others for which Defendants are responsible, Defendants deprived Plaintiff's insured of the Cargo and it's value and caused associated damage from lost revenues, clean up and removal costs.

14. By reason of the foregoing, Plaintiff and its insured have been damaged in the sum of $1,520,991.00, plus miscellaneous expenses, interest and costs, no part of which has been paid by Defendant, despite demand therefor.

## THIRD CAUSE OF ACTION AGAINST ALL DEFENDANTS
### (Trespass)

15. Plaintiff refers to paragraphs 1 through 14, inclusive of this complaint and incorporates them herein as though fully set forth.

16. At all times mentioned herein, Plaintiff's insured had a valid lease for possession of the Property for the conduct of its business for the benefit of

Plaintiff's insured.

17. Through Defendants acts, water entered the Property and damaged the Cargo and thereby deprived Plaintiff's insured of its value and causing associated damage from lost revenues, clean up and removal costs.

18. By reason of the foregoing, Plaintiff and its insured have been damaged in the sum of $1,520,991.00, plus miscellaneous expenses, interest and costs, no part of which has been paid by Defendant, despite demand therefor.

## FOURTH CAUSE OF ACTION AGAINST ALL DEFENDANTS
### (Conversion)

19. Plaintiff refers to paragraphs 1 through 18, inclusive of this complaint and incorporates them herein as though fully set forth.

20. At all times mentioned herein, Plaintiff's insured was the owner of and entitled to possession of the Cargo.

21. Through their construction work, Defendants damaged the Cargo and thereby deprived Plaintiff's insured of its value.

22. By reason of the foregoing, Plaintiff and its insured have been damaged in the sum of $1,520,991.00, plus miscellaneous expenses, interest and costs, no part of which has been paid by Defendant, despite demand therefor.

## FIFTH CAUSE OF ACTION AGAINST ALL DEFENDANTS
### (Ultra-Hazardous Activity)

23. Plaintiff refers to paragraphs 1 through 6, inclusive of this complaint and incorporates them herein as though fully set forth.

24. The work undertaken by or on behalf of Defendants necessarily involved the risk of serious harm to others, including Plaintiff's insured, and which is not a matter of common usage. The risk of such harm could not be eliminated through the exercise of utmost care.

25. Through their activities, Plaintiff and its insured have been damaged in the sum of $1,520,991.00, plus miscellaneous expenses, interest and costs, no

part of which has been paid by Defendant, despite demand therefor.

**PRAYER**

WHEREFORE, Plaintiff prays for judgment against Defendants, jointly and severally, as follows:

1. For general damages in the sum of $1,520,991.00, plus miscellaneous expenses, interest and costs;

2. For pre-judgment interest at the rate of 10% per annum from July 11, 2014;

3. For post-judgment interest at the rate of 10% per annum;

4. For costs of suit herein; and,

5. For such other and further relief as this court deems just and proper.

Dated: February 2, 2017                              CAMMARANO LAW GROUP

By:  s/ Dennis A. Cammarano
Dennis A. Cammarano
Attorneys for Plaintiff,
AGCS MARINE INSURANCE COMPANY

3383federalcomplaint020117.wpd