1  Robert Nida (Bar No. 196081)
   Edward Wei (Bar No. 252333)
2  **CASTLE & ASSOCIATES**
   **A Professional Law Corporation**
3  8383 Wilshire Boulevard, Suite 810
   Beverly Hills, California 90211-2425
4  Telephone:   (310) 286-3400
   Facsimile:   (310) 286-3404
5  rnida@castlelawoffice.com
   ewei@castlelawoffice.com
6
   Attorneys for Defendant and Third Party
7  Plaintiff TUTOR PERINI
   CORPORATION, a Massachusetts
8  corporation

9

10               UNITED STATES DISTRICT COURT

11      NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

12

| | |
|---|---|
| 13  AGCS MARINE INSURANCE COMPANY, | **Case No. 17-cv-00544 EDL** |
| 14 | **THIRD-PARTY COMPLAINT OF TUTOR PERINI CORPORATION FOR:** |
| 15         Plaintiff, | |
| 16         v. | **1. EQUITABLE INDEMNITY** |
| 17  TUTOR PERINI CORPORATION, and DOES 1 through 20, inclusive, | **2. CONTRIBUTION** |
| 18         Defendant. | **3. COMPARATIVE FAULT** |
| 19 | **4. NEGLIGENCE** |
| 20  TUTOR PERINI CORPORATION, | Assigned for All Purposes to: The Hon. Elizabeth D. Laporte |
| 21         Third-Party Plaintiff, | |
|          v. | |
| 22  PACIFIC GAS & ELECTRIC COMPANY, a California corporation; | |
| 23  PG&E CORPORATION, a California corporation; and GENERAL GROWTH | |
| 24  PROPERTIES, INC., a Delaware corporation; and ROES 1 through 50, | |
| 25  inclusive, | |
| 26         Third-Party Defendants. | |
| 27 | |
| 28 | |

16.7-60
TPC Third-Party Complaint
(final).docx

**THIRD-PARTY COMPLAINT OF TUTOR PERINI CORPORATION**

CASTLE & ASSOCIATES
A PROFESSIONAL LAW CORPORATION
www.castlelawoffice.com
(310) 286-3400

Third-Party Plaintiff Tutor Perini Corporation ("TPC") alleges as follows:

## JURISDICTION AND VENUE

1.      Third-Party Plaintiff Tutor Perini Corporation's claims against Pacific Gas & Electric Company, PG&E Corporation, and General Growth Properties, Inc. (collectively, "Third-Party Defendants") form part of the same case and controversy as the claims asserted by Plaintiff AGCS Marine Insurance Company against Tutor Perini Corporation ("TPC") in the above-entitled action.   Accordingly, this Court has jurisdiction over TPC's claims against Third-Party Defendants pursuant to 28 U.S.C. Section 1367(a).

2.      Venue is proper pursuant to 28 U.S.C. Section 1391(b)(2).

## THE PARTIES

3.      Third-Party Plaintiff TPC is and, at all relevant times, was a Massachusetts corporation  organized and existing under the laws of the Commonwealth of Massachusetts with its principal place in Los Angeles, State of California.

4.      TPC is informed and believes, and on that basis alleges, that third-party defendant Pacific Gas & Electric Company is a corporation organized and existing under the laws of the State of California with its principal place in San Francisco, California.

5.      TPC is informed and believes, and on that basis alleges, that third-party defendant PG&E Corporation is a corporation organized and existing under the laws of the State of California with its principal place in San Francisco, California.

6.      Third-party defendants Pacific Gas & Electric Company and PG&E Corporation are referred herein collectively as "PG&E."

7.      TPC is informed and believes, and on that basis alleges, that third-party defendant General Growth Properties, Inc. ("GGP") is a corporation organized and existing under the laws of the State of Delaware, and the principal named insured for, and through its partnership and joint ventures, maintained the principal ownership

CASTLE & ASSOCIATES
A PROFESSIONAL LAW CORPORATION
www.castlelawoffice.com
(310) 286-3400

interest in, the property known as One Union Square, located at 180 Geary Street, San Francisco, California.

## GENERAL ALLEGATIONS

8.      TPC hereby refers to and incorporates the Complaint herein for the limited and specific purpose of showing the contents thereof, and without admitting any allegations therein.

9.      On or about February 2, 2017, plaintiff AGCS Marine Insurance Company ("Plaintiff") filed a Complaint in the above-entitled action (the "Complaint").

10.     The Complaint seeks to recover monetary and other damages alleged to have been sustained by Plaintiff's alleged insured, Warren Corporation dba Lora Piana & Co., Inc., arising from an incident at or around the premises occupied by Plaintiff's alleged insured located at 212 Stockton Street, San Francisco, California 94108 (the "Property").  The Complaint alleges that on or about July 11, 2014, TPC was engaged in construction-related work outside the Property when water intruded into the lower level of the Property and caused damage to the inventory and business property (defined in the Complaint as "Cargo") of Plaintiff's alleged insured.

11.     TPC has denied the allegations in the Complaint.

12.     TPC alleges hereto that the water intrusion would have been prevented and is otherwise caused in part by the failures of GGP and PG&E to meet their obligations to prevent water intrusion by properly sealing points of entry into the Property operated by Plaintiff's alleged insured.

## FIRST CAUSE OF ACTION

### (Equitable Indemnity Against Third-Party Defendants)

13.     TPC incorporates paragraphs 1 through 12, inclusive, of this Third-Party Complaint as though fully set forth herein.

14.     TPC had no authority, control, or direction over the conduct of Third-Party Defendants, had no reasonable expectation that Third-Party Defendants would act in

CASTLE & ASSOCIATES
A PROFESSIONAL LAW CORPORATION
www.castlelawoffice.com
(310) 286-3400

Case No. 17-cv-00544 EDL

16.7-60
TPC  Third-Party  Complaint
(final).docx

**THIRD-PARTY COMPLAINT OF TUTOR PERINI CORPORATION**

CASTLE & ASSOCIATES
A PROFESSIONAL LAW CORPORATION
www.castlelawoffice.com
(310) 286-3400

any other than a proper manner, and had no opportunity to protect themselves against the alleged negligent and/or improper conduct of Third-Party Defendants.

15.     TPC was in no way willful, negligent, careless or reckless with respect to any act alleged in the Complaint.  If any unlawful conduct occurred as alleged by Plaintiff in the Complaint, the conduct of the Third-Party Defendants, inclusive, constituted the sole and proximate cause of the injuries and damages on which the claims against TPC are predicated.

16.     As a direct, proximate and foreseeable result of Plaintiff's Complaint, TPC has been compelled to incur attorneys' fees, court costs, and the expenses of this action and other claims and actions, and may in the future be compelled to incur additional liability, expenses and fees by reason of settlement, judgment, repairs and/or defense.

17.     If TPC is to be found liable to the Plaintiff in the above-entitled action, liability will solely be of a vicarious and/or secondary nature, based upon  Third-Party Defendants' direct, primary, active and affirmative misconduct, as set forth herein. TPC is entitled in law and equity to be held harmless and to be indemnified by Third-Party Defendants, and each of them, for its costs, fees and expenses according to proof. By reason of the foregoing facts, TPC is entitled to total equitable indemnity from any and all liability adjudged against it as to the allegations in the Complaint.

## SECOND CAUSE OF ACTION

### (Contribution Against Third-Party Defendants)

18.     TPC incorporates paragraphs 1 through 17, inclusive, of this Third-Party Complaint as though fully set forth herein.

19.     TPC has denied and continues to deny the material allegations of the Complaint.  TPC was in no way negligent or responsible for the acts, injuries, breaches or damages alleged in the Plaintiff's Complaint.  However, if as a result of the matters alleged in the Plaintiff's Complaint, TPC is held liable for all or part of the claims asserted against it, all Third-Party Defendants, to the extent of their fault as determined by the Court, are obligated to reimburse TPC, and will be liable to TPC for all or any

liability so assessed by way of contribution. Accordingly, TPC asserts its right to such contribution against Third-Party Defendants.

20.    As a direct, proximate and foreseeable result of Plaintiff's Complaint, TPC has been compelled to incur attorneys' fees, court costs and expenses of this action, and other claims and actions, and may, in the future be compelled to incur additional liability, expenses and fees by reason of settlement, judgment, repair and/or defense. TPC is entitled to contributions and repayments from Third-Party Defendants, and each of them, for their costs, fees and expenses according to proof.

### THIRD CAUSE OF ACTION

### (Comparative Fault Against Third-Party Defendants)

21.    TPC incorporate paragraph 1 through 20, inclusive, of this Third-Party Complaint as though fully set forth herein.

22.    TPC was in no way negligent, careless or responsible for the accident, injuries or damages alleged in Plaintiffs' Complaint.  However, if as a result of the matters alleged in Plaintiff's Complaint, TPC is held liable for all or any part of the claims asserted against them, Third-Party Defendants, to the extent that their fault was a cause of Plaintiff's injuries, are responsible for said injuries in the proportion to each Third-Party Defendants' comparative fault.  TPC is entitled to have any judgment which may be entered in favor of the Plaintiff proportioned among Third-Party Defendants according to their comparative fault.

### FOURTH CAUSE OF ACTION

### (Negligence Against Third-Party Defendants)

23.    TPC incorporates paragraph 1 through 22, inclusive, of this Third-Party Complaint as though fully set forth herein.

24.    Third-Party Defendants owed a duty to the public and adjacent property owners to exercise reasonable care and diligence to maintain their vault and to be in compliance with all industry standards and codes in the reasonable construction and maintenance of the vault.

CASTLE & ASSOCIATES
A PROFESSIONAL LAW CORPORATION
www.castlelawoffice.com
(310) 286-3400

25.    Third-Party Defendants negligently, carelessly, and wrongfully failed to satisfy their duty of care in constructing and maintaining the vault.

26.    Third-Party Defendants' negligent acts and omissions directly and proximately caused damage to TPC.

27.    TPC suffered loss and damage in an amount to be proven at trial.

28.    TPC has also incurred and will continue to incur attorneys' fees and other costs in this action as a direct and proximate cause of Third-Party Defendants' actions and omissions.

### PRAYER FOR RELIEF

WHEREFORE, TPC prays for judgment and relief against Third-Party Defendants as follows:

1.    For judgment over and against Third-Party Defendants in the amount that Plaintiff may recover against TPC;

2.    For judgment against Third-Party Defendants for TPC's costs of defense, and reasonable attorneys' fees (to the extent permitted by statute or contract), including, but not limited to, court costs and investigation expenses incurred by the defense of the within action, according to proof;

3.    For the judicial determination of the relative shares of comparative fault and/or liability of Third-Party Defendants and an apportionment for the equitable contribution and/or comparative fault for such proportionate sums and damages awarded to Plaintiff and obtained, if any, on account of Third-Party Defendants' negligence or other conduct;

4.    For separate judgment to be rendered against TPC in the amount of all non-economic damages that may be recovered by Plaintiff in direct proportion to the percentage of comparative fault of each Third-Party Defendant;

5.    For costs of suit herein; and

/ /

/ /

CASTLE & ASSOCIATES
A PROFESSIONAL LAW CORPORATION
www.castlelawoffice.com
(310) 286-3400

16.7-60
TPC  Third-Party  Complaint
(final).docx

Case No. 17-cv-00544 EDL

**THIRD-PARTY COMPLAINT OF TUTOR PERINI CORPORATION**

1        6.    For such other and further relief as this Court may deem just and proper.

2

3    DATED:  February 28, 2017       CASTLE & ASSOCIATES

4                                A Professional Law Corporation

5

6                   By:       /s/

7                         Robert Nida

8                         Attorneys for Defendant TUTOR PERINI

9                         CORPORATION,    a    Massachusetts

                       corporation

10

11

CASTLE & ASSOCIATES
A PROFESSIONAL LAW CORPORATION
www.castlelawoffice.com
(310) 286-3400

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# DEMAND FOR JURY TRIAL

TPC hereby demands a trial by jury on all issues triable by a jury as provided by Rule 38 of the Federal Rules of Civil Procedure.

DATED:  February 28, 2017          CASTLE & ASSOCIATES
                                   A Professional Law Corporation


                                   By:  ____/s/_____
                                        Robert Nida
                                        Attorneys    for    TUTOR    PERINI
                                        CORPORATION,    a    Massachusetts
                                        corporation

CASTLE & ASSOCIATES
A PROFESSIONAL LAW CORPORATION
www.castlelawoffice.com
(310) 286-3400

16.7-60
TPC  Third-Party  Complaint
(final).docx

1

## PROOF OF SERVICE

2 **STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

3     At the time of service, I was over 18 years of age and not a party to this action.  I am employed in the County of Los Angeles, State of California.  My business address

4 is 8383 Wilshire Boulevard, Suite 810, Beverly Hills, CA 90211-2425.

5     On February 28, 2017, I served true copies of the following document(s) described as **THIRD-PARTY COMPLAINT OF TUTOR PERINI**

6 **CORPORATION FOR:**

7     **1. EQUITABLE INDEMNITY**

8     **2. CONTRIBUTION**

9     **3. COMPARATIVE FAULT**

10     **4. NEGLIGENCE**

11 on the interested parties in this action as follows:

12         **SEE ATTACHED SERVICE LIST**

13     **BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system.  Participants in

14 the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or

15 by other means permitted by the court rules.

16     I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member

17 of the bar of this Court at whose direction the service was made.

18     Executed on February 28, 2017, at Beverly Hills, California.

19

20         /s/ _____

21         Robert Nida

22

23

24

25

26

27

28

*CASTLE & ASSOCIATES*
A PROFESSIONAL LAW CORPORATION
www.castlelawoffice.com
(310) 286-3400

16.7-60
TPC Third-Party Complaint
(final).docx

Case No. 17-cv-00544 EDL

**THIRD-PARTY COMPLAINT OF TUTOR PERINI CORPORATION**

**SERVICE LIST**

**AGCS Marine Insurance Company vs. Tutor Perini Corporation, et al.**
**Case No. 3:17-cv-00544-EDL**

Dennis A. Cammarano, Esq.
CAMMARANO LAW GROUP
555 East Ocean Boulevard, Suite 501
Long Beach, California 90802
Telephone: (562) 495-9501
Facsimile: (562) 495-3574
(Attorneys for Plaintiff AGCS Insurance
Company)

**THIRD-PARTY COMPLAINT OF TUTOR PERINI CORPORATION**

16.7-60
TPC Third-Party Complaint
(final).docx

CASTLE & ASSOCIATES
A PROFESSIONAL LAW CORPORATION
www.castlelawoffice.com
(310) 286-3400