THEODORE E. BACON (CA Bar No. 115395)
tbacon@AlvaradoSmith.com
CATHERINE S. MEULEMANS (CA Bar No. 146276)
cmeulemans@AlvaradoSmith.com
JOANNE C. CHAN (CA Bar No. 201164)
jchan@AlvaradoSmith.com
ALVARADOSMITH
A Professional Corporation
235 Pine Street, Suite 1150
San Francisco, CA 94104
Tel: (415) 624-8665
Fax: (415) 391-1751

Attorneys for Third Party Defendant
and Counter-Claimant,
PACIFIC GAS & ELECTRIC COMPANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AGCS MARINE INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>TUTOR PERINI CORPORATION, and DOES 1 through 20, inclusive,<br><br>Defendants. | CASE NO.: 17-cv-00544 WHA<br><br>JUDGE: William H. Alsup<br><br>**FIRST AMENDED COUNTERCLAIM OF PACIFIC GAS AND ELECTRIC COMPANY FOR:**<br><br>1. **EQUITABLE INDEMNITY;**<br>2. **IMPLIED INDEMNITY;**<br>3. **COMPARATIVE INDEMNITY;**<br>4. **CONTRIBUTION;**<br>5. **APPORTIONMENT;**<br>6. **NEGLIGENCE; AND**<br>7. **DECLARATORY RELIEF** |
| TUTOR PERINI CORPORATION,<br><br>Third Party Plaintiff,<br><br>v.<br><br>PACIFIC GAS & ELECTRIC COMPANY, a California corporation; PG&E CORPORATION, a California corporation; and GENERAL GROWTH PROPERTIES, INC., a Delaware corporation; and ROES 1 through 50, inclusive,<br><br>Third Party Defendants. | ACTION FILED: February 2, 2017 |

1  PACIFIC GAS & ELECTRIC COMPANY, a California corporation,

2        Counter-Claimant,

3  v.

4  TUTOR PERINI CORPORATION, GENERAL GROWTH PROPERTIES, INC., a Delaware corporation and MOES 1 through 20, inclusive,

5

6        Counter-Defendants.

7

8    Counter-Claimant and Third Party Defendant PACIFIC GAS AND ELECTRIC COMPANY ("PG&E" or "Counter-Claimant"), pursuant to Federal Rule of Civil Procedure ("FRCP") 13, counterclaims and alleges as follows:

**PARTIES**

1.  At all times herein mentioned, Pacific Gas & Electric Company ("PG&E" or "Counter-Claimant") was and is a public utility authorized to do business and doing business in the State of California.

2.  Counter-Claimant is informed and believes that Counter-Defendant and Third Party Plaintiff Tutor Perini Corporation ("TPC" or "Counter-Defendant") is and, at all times relevant, was a Massachusetts corporation organized and existing under the laws of the Commonwealth of Massachusetts with its principal place of business in Los Angeles, California.

3.  Counter-Claimant is informed and believes that Counter-Defendant General Growth Properties, Inc. ("GGP" or "Counter-Defendant") was a Delaware corporation. GGP was the principal named insured for, and through its partnerships and joint ventures maintained the principal ownership interest in, the property known as One Union Square, located at 180 Geary Street in San Francisco, California (the "Property").

4.  Counter-Claimant is unaware of the true names and capacities, whether individual, associate, corporate or otherwise of Counter-Defendants Moes 1 through 20, inclusive (collectively "Moes"), and thereon sues them by such fictitious names. Counter-Claimant is further informed, believes and thereon alleges that each of the fictitiously named Counter-Defendants is in some manner responsible for the events and happenings referred to and contributed to the damages alleged

against PG&E by TPC in this action. Counter-Claimant will amend this Counterclaim to allege their true names and capacities when the same has been ascertained.

5. At all relevant times, each Counter-Defendant knew or realized that the other Counter-Defendants were engaging in or planned to engage in the conduct alleged in these actions filed by Third Party Plaintiff TPC and plaintiff AGCS Marine Insurance Company ("Plaintiff"). Knowing or realizing that the other Counter-Defendants were engaging in or planning to engage in such conduct, each Counter-Defendant nevertheless facilitated the commission of those acts. Each Counter-Defendant intended to and did encourage, facilitate, or assist in the commission of the acts, and consequently, aided and abetted the other Counter-Defendants in the unlawful and/or negligent conduct.

## VENUE AND JURISDICTION

6. Counter-Claimant brings this Counterclaim under the Court's jurisdiction pursuant to 28 U.S.C. §1367(a) in that the counterclaims asserted herein arise out of the same transaction or occurrence as the claims alleged by Counter-Defendant in its Third Party Complaint.

7. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## GENERAL ALLEGATIONS

8. Counter-Claimant hereby refers to and incorporates the Complaint herein for the limited and specific purpose of showing the contents thereof, and without admitting any allegations therein.

9. On or about February 2, 2017, Plaintiff filed a complaint in the above-entitled action (hereinafter the "Complaint"). The Complaint seeks to recover monetary and other damages alleged to have been sustained by Plaintiff's insured, Warren Corporation dba Lora Piana & Co., Inc., ("Lora Piana") arising from an incident at the Property where Lora Piana was a tenant. Specifically, the Complaint alleges that on or about July 12, 2014, Counter-Defendant TPC's subcontractor was engaged in drilling and excavation work near the Property when Counter-Defendant TPC's subcontractor struck an underground water main line which allegedly burst and caused water to intrude into the Property, causing damage to certain inventory and business equipment (defined in the Complaint as "Cargo") of the Plaintiff's insured, Lora Piana.

ALVARADOSMITH
A PROFESSIONAL CORPORATION
SAN FRANCISCO

10. On or about February 28, 2017, Third Party Plaintiff and Counter-Defendant TPC filed its Third Party Complaint for Equitable Indemnity, Contribution, Comparative Fault and Negligence against Third Party Defendants PG&E and GGP alleging that the Third Party Complaint forms part of the same case and controversy as the claims asserted by Plaintiff against TPC. In its Third Party Complaint, TPC alleges that the amount of water intrusion from the broken water main line into the Property could have been mitigated if GGP and/or PG&E would have waterproofed and/or sealed alleged points of entry for the water in an underground electrical vault on the sidewalk near the Property.

11. Counter-Claimant is informed and believes and thereon alleges that the underground electrical utility vault that Counter-Defendant TPC claims was the point of entry for the water that damaged the Property was, in fact, custom designed, constructed, maintained and owned by Counter-Defendant GGP. Counter-Claimant is informed and believes and thereon alleges that Counter-Defendant GGP's underground electrical utility vault was custom designed by GGP to house two networked transformers that serviced only the Property and that Counter-Defendant GGP built the underground electrical vault and designed the buss bar ducts to be located conveniently near GGP's subterranean electrical room. Counter-Claimant had no responsibility for the construction and/or maintenance of the underground electrical vault and merely installed its electrical equipment in the electrical vault which was designed by Counter-Defendant GGP.

## FIRST CAUSE OF ACTION

**(Equitable Indemnity Against All Counter-Defendants)**

12. Counter-Claimant re-alleges and incorporates herein by this reference each and every allegation contained in paragraphs 1 through 11, inclusive as though fully set forth herein.

13. As a direct, proximate and/or legal result of Counter-Defendant TPC's failure to exercise reasonable due care in excavating near a known water main line, liability for any damages of Plaintiff rests solely or primarily on Counter-Defendant TPC, who engaged in negligence and failed to protect Plaintiff from harm. Moreover, as a direct, proximate and/or legal result of Counter-Defendant GGP's negligent custom design, construction, maintenance and ultimate

1  ownership of the underground electrical vault at issue in this case, liability for any damages of
2  Plaintiff rests solely or primarily on Counter-Defendant GGP, who failed to design and/or
3  adequately waterproof its electrical vault to protect itself and its tenants from harm. Thus, Counter-
4  Defendants are obligated to reimburse Counter-Claimant for any sums Counter-Claimant is
5  compelled, or may be compelled, to pay as a result of any settlement, judgment or other awards, as
6  well as all attorney's fees.

7      14.      By virtue of the foregoing allegations, an actual controversy has arisen between
8  Counter-Claimant and Counter-Defendants, and each of them, in that Counterclaim alleges that
9  Counter-Defendants are obligated to indemnify Counter-Claimant.

10     15.      In the event Counter-Claimant is found in any manner to be liable to Plaintiff for any
11 damages relating to the incident more fully described in the Complaint, Counter-Claimant's liability
12 does not result from its own conduct, but instead is based on the conduct of Counter-Defendants.

13     16.      Because any liability found in the Complaint would be solely based upon the acts,
14 errors, omissions and/or negligence of Counter-Defendants, Counter-Claimant is entitled to total or
15 partial indemnification from Counter-Defendants.

16

## SECOND CAUSE OF ACTION

**(Implied Indemnity Against All Counter-Defendants)**

19     17.      Counter-Claimant re-alleges and incorporates herein by this reference each and every
20 allegation contained in paragraphs 1 through 16, inclusive as though fully set forth herein.

21     18.      Counter-Claimant has incurred, and will incur attorney's fees and other costs in
22 connection with defending against the Third Party Complaint and any subsequent amendments to the
23 Third Party Complaint, the exact amount of which is unknown at this time.

24     19.      If Counter-Claimant is held liable and responsible to Plaintiff for any damages
25 alleged in the Third Party Complaint and any subsequent amendments to the Third Party Complaint
26 thereto, it will be solely due to the conduct of Counter-Defendants herein. Therefore, Counter-
27 Claimant is entitled to be indemnified by said Counter-Defendants, and each of them, should such
28 liability arise in this matter.

20. If Counter-Claimant is held liable or responsible to Plaintiff for damages, said liability will be the direct and proximate result of the active, passive and affirmative conduct on the part of Counter-Defendants and each of them.

21. Thus, Counter-Claimant is entitled to complete indemnification by said Counter-Defendants, and each of them, for any sum or sums for which Counter-Claimant may be found liable to Plaintiff, with costs of defense, costs of suit, and reasonable attorney's fees incurred therefrom.

### THIRD CAUSE OF ACTION

**(Comparative Indemnity Against all Counter-Defendants)**

22. Counter-Claimant re-alleges and incorporates herein by this reference each and every allegation contained in paragraphs 1 through 21, inclusive as though fully set forth herein.

23. Counter-Claimant contends that it is not legally responsible for the events giving rise to the Complaint or any amendments thereto, or legally responsible in any other manner for the damages allegedly sustained by Plaintiff. However, if as a result of the matters alleged in the Complaint or any amendments thereto, Counter-Claimant is held liable for all or any part of the damages asserted by Plaintiff, to the extent that Counter-Defendants' conduct was the proximate cause of Plaintiff's alleged damages and/or losses, Counter-Defendants, and each of them, are responsible for said damages and/or losses in proportion to each Counter-Defendants' comparative negligence and Counter-Claimant is entitled to a determination of several liability.

24. By reason of the foregoing, Counter-Claimant is entitled to indemnity from Counter-Defendants, and each of them, for all costs, fees, expenses, settlements and judgments paid by and incurred by Counter-Claimant in connection with the Complaint.

### FOURTH CAUSE OF ACTION

**(Contribution Against All Counter-Defendants)**

25. Counter-Claimant re-alleges and incorporates herein by this reference each and every allegation contained in paragraphs 1 through 24, inclusive as though fully set forth herein.

///

26. Counter-Claimant contends that it is not legally responsible for the damages alleged in the Complaint or any amendments thereto. However, if as a result of the matters alleged in the Complaint or any amendments thereto, Counter-Claimant is held liable for any or all of Plaintiff's alleged damages and/or losses, Counter-Defendants, and each of them, are obligated to reimburse and are liable to Counter-Claimant for all or any liability so assessed by virtue of contribution, and Counter-Claimant accordingly asserts herein such right to contribution.

## FIFTH CAUSE OF ACTION FOR APPORTIONMENT OF FAULT

### (Apportionment Against All Cross-Defendants)

27. Counter-Claimant re-alleges and incorporates herein by this reference each and every allegation contained in paragraphs 1 through 26, inclusive as though fully set forth herein.

28. Counter-Claimant contends that if the allegations of the Complaint are true (without admitting the same), Counter-Claimant is informed and believe, and thereon alleges that the Counter-Defendants, and each of them, were negligent, breached their respective duties, and committed other tortuous conduct which caused all of the injuries, if any, as alleged and described in the Complaint.

29. Counter-Claimant contends that if it is found that Counter-Claimant was negligent under the allegations contained in the Complaint (which Counter-Claimant denies), then Counter-Claimant is informed and believes and thereon alleges that the negligent, unlawful and/or tortuous conduct of the Counter-Defendants, and each of them, was active, primary, and affirmative, and the negligence of Counter-Claimant, if any, was passive, derivative and secondary only.

30. That by reason of the foregoing allegations, if Plaintiffs recover judgment against Counter-Claimant, or if Counter-Claimant incurred any expenses in the defense of said lawsuit or make a settlement with any party to this lawsuit, then Counter-Claimant alleges that it is entitled to judgment over and against the Counter-Defendants, and each of them, for all sums it incurs by reason of said judgment, settlement, expenses of investigation, including reasonable attorney's fees, and court costs in defending itself in actions herein against Counter-Claimant.

///

31. An actual controversy exists between Counter-Claimant and Counter-Defendants and each of them as follows:

(a) Counter-Claimant contends that the accident and damages sustained by the Plaintiff were due to the negligence of Counter-Defendants, and each of them, but if any responsibility for the negligence is imposed upon Counter-Claimant, then Counter-Claimant is entitled to have its degree of responsibility diminished by the total amount that the percentage of negligence of the Counter-Defendants as to the total amount of damages found to have been sustained by the Plaintiff.

(b) Counter-Claimant is informed and believes and thereon alleges that the Counter-Defendants, and each of them, contend that Counter-Claimant is not entitled to equitable indemnity in any form by reason of any difference in the degree of negligence as between Counter-Claimant and Counter-Defendants.

32. A declaration of rights is necessary and appropriate at this time in order that Counter-Claimant may ascertain its rights and duties, and because no adequate remedy, other than that prayed for herein, exists if the negligence of all perspective parties are to be determined by the trier of fact.

## SIXTH CAUSE OF ACTION FOR NEGLIGENCE

**(Negligence Against All Cross-Defendants)**

33. Counter-Claimant re-alleges and incorporates herein by this reference each and every allegation contained in paragraphs 1 through 32, inclusive as though fully set forth herein.

34. Counter-Claimant contends that Counter-Defendant GGP owed a duty of care to the public and to its tenants to exercise reasonable care and diligence to design, construct and maintain its underground electrical vault in a manner that is compliant with industry standards and applicable codes and to protect the Property and its tenants to fullest extent possible. Counter-Claimant contends that Counter-Defendant TPC owed a duty of care to the public and all adjoining landowners to exercise reasonable care and diligence in the excavation of the land adjacent to the Property given Counter-Defendant's actual knowledge of the existence of underground utilities, including water main lines.

35. Counter-Claimant contends that Counter-Defendant GGP negligently, carelessly and wrongfully failed to satisfy its duty of care in designing, constructing and maintaining the underground electrical vault at issue. Counter-Claimant contends that Counter-Defendant TPC negligently, carelessly and wrongfully failed to satisfy its duty of care in excavating and drilling near the Property and carelessly struck a water main line.

36. Counter-Defendants' negligent and careless acts and omissions directly and proximately caused damages to Counter-Claimant which amount will be proven at trial.

37. Counter-Claimant will continue to incur attorneys' fees and other costs in this action as a result direct and proximate cause of the acts and omissions of Counter-Defendants.

## SEVENTH CAUSE OF ACTION

### (Declaratory Relief Against all Counter-Defendants)

38. Counter-Claimant alleges and incorporates herein by this reference each and every allegation contained in paragraphs 1 through 37, inclusive as though fully set forth herein.

39. An actual controversy has arisen between Counter-Claimant and Counter-Defendants, and each of them, with respect to the rights, obligations and duties of the parties. Counter-Claimant contends that it is without fault, responsibility or blame for any of the damages which Plaintiff allegedly suffered as a result of the incident more fully described in the Complaint or any amendments thereto and that any such alleged acts or omissions were committed by Counter-Defendants and not Counter-Claimant. Counter-Claimant further contends that it is entitled to indemnity from Counter-Defendants, and each of them.

40. Counter-Claimant is informed and believes and based thereon alleges that the Counter-Defendants, and each of them, contend to the contrary.

**WHEREFORE**, Counter-Claimant prays for judgment against Counter-Defendants, and each of them, as follows:

1. For a declaration of Counter-Claimant's rights and duties;

///

ALVARADOSMITH
A PROFESSIONAL CORPORATION
SAN FRANCISCO

2. For an order of the Court declaring the percentage of fault, if any, between Counter-Claimant and Counter-Defendants, and each of them, for damages and/or losses allegedly sustained by Plaintiff in the Complaint;

3. For an order of the Court awarding judgment in favor of Counter-Claimant against Counter-Defendants, and each of them, based upon the relative percentage of fault of each party;

4. For an order of the Court that Counter-Claimant is entitled to be fully indemnified by Counter-Defendants, and each of them, for any and all settlements or compromises and/or judgments entered into by Counter-Claimant in connection with the Complaint or any amendments thereto, and as a result of this action;

5. For a separate order of the Court against Cross-Defendants in the amount of all non-economic damages that may be recovered by Plaintiffs in direct proportion to the percentage of comparative fault of each Cross-Defendant and pursuant to California Civil Code section 1431.2;

6. For attorneys' fees pursuant to CCP section 1021.6; and

7. For an order of the Court that Counter-Claimant is entitled to be fully indemnified by Counter-Defendants, and each of them, for any and all settlements or compromises and/or judgments entered into by Counter-Claimant in connection with the Complaint or any amendments thereto, and as a result of this action; and

8. For such other and further relief as the Court may deem just and proper.

DATED: April 18, 2017

ALVARADOSMITH
A Professional Corporation

By: */s/ Catherine S. Meulemans*
THEODORE E. BACON
CATHERINE S. MEULEMANS
JOANNE C. CHAN
Attorneys for Third Party Defendant
and Counter-Claimant
PACIFIC GAS & ELECTRIC COMPANY

# CERTIFICATE OF SERVICE

## U.S. DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA
*AGCS Marine Ins. Co. v. Tutor Perini, et al.*
**USDC Case No. 17-cv-00544-WHA**

I am employed in the County of San Francisco, State of California. I am over the age of 18 years and not a party to the within action. My business address is **AlvaradoSmith, 235 Pine Street, Suite 1150, San Francisco, California 94104.**

On April 18, 2017, I served the foregoing document described as **FIRST AMENDED COUNTERCLAIM OF PACIFIC GAS AND ELECTRIC COMPANY FOR: 1. EQUITABLE INDEMNITY; 2. IMPLIED INDEMNITY; 3. COMPARATIVE INDEMNITY; 4. CONTRIBUTION; 5. APPORTIONMENT; 6. NEGLIGENCE; AND 7. DECLARATORY RELIEF** on the interested parties in this action.

☐ by placing the original and/or a true copy thereof enclosed in (a) sealed envelope(s), addressed as follows:

**SEE ATTACHED SERVICE LIST**

☐ **BY REGULAR MAIL:** I deposited such envelope in the mail at 235 Pine Street, Suite 1150, San Francisco, CA 94104. The envelope was mailed with postage thereon fully prepaid.

I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on that same day in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after date of deposit for mailing in affidavit.

**BY THE ACT OF FILING OR SERVICE, THAT THE DOCUMENT WAS PRODUCED ON PAPER PURCHASED AS RECYCLED**

☒ **BY ELECTRONIC SERVICE:** Based on a court order or an agreement of the parties to accept service by electronic transmission, I caused the documents to be sent to the persons at the electronic notification address listed on the attached Service List.

☐ **BY FACSIMILE MACHINE:** I Tele-Faxed a copy of the original document to the facsimile numbers on the attached Service List.

☐ **BY OVERNIGHT MAIL:** I deposited such documents at the Overnite Express or Federal Express Drop Box located at 235 Pine Street, San Francisco, CA 94104. The envelope was deposited with delivery fees thereon fully prepaid.

☐ **BY PERSONAL SERVICE:** I caused such envelope(s) to be delivered by hand to the addressee(s) on the attached Service List.

☐ (State) I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

☒ (Federal) I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made.

Executed on April 18, 2017, at San Francisco, California.

*/s/ Mara J. Schwark*
Mara J. Schwark

4509890.1 -- SFDLC4.36

# SERVICE LIST

*AGCS Marine Ins. Co. v. Tutor Perini, et al.*
**USDC 17-cv-00544-WHA**

| | |
|---|---|
| Dennis Cammarano<br>CAMMARANO LAW GROUP<br>55 East Ocean Blvd., Suite 501<br>Long Beach, CA  90802 | Attorneys for Plaintiff<br>AGCS MARINE INSURANCE COMPANY<br><br>Tel:  (562) 495-9501<br>Fax:  (562) 495-3674 |
| Robert Nida<br>Edward Wei<br>CASTLE & ASSOCIATES, APLC<br>8383 Wilshire Blvd., Suite 810<br>Beverly Hills, CA  90211-2425 | Attorneys for Defendant/Third Party Plaintiff<br>TUTOR PERINI CORPORATION<br><br>Tel:  (310) 286-3400<br>Fax:  (310) 286-3404 |
| Michael F. Avila<br>Avila Law Firm, APC<br>21250 Hawthorne Blvd., Suite 500<br>Torrance, CA  90503 | Attorneys for Third Party Defendants<br>GEARY-STOCKTON REALTY, LLC<br>and GENERAL GROWTH PROPERTIES, INC.<br><br>Tel: (310) 792-7062<br>Fax: (310) 792-7762 |