IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

AGCS MARINE INSURANCE COMPANY,

    Plaintiff,

v.

TUTOR PERINI CORPORATION, *et al.*,

    Defendants.

/

TUTOR PERINI CORPORATION,

    Third-Party Plaintiff,

v.

PACIFIC GAS & ELECTRIC COMPANY, a California corporation, *et al.*,

    Third-Party Defendants.

/

AND RELATED COUNTERCLAIM

/

No. C 17-00544 WHA

**ORDER DENYING TUTOR PERINI'S MOTION TO DISMISS PACIFIC GAS & ELECTRIC COMPANY'S FIRST AMENDED COUNTERCLAIM**

**INTRODUCTION**

In this negligence action, defendant asserted a third-party complaint for indemnity and contribution in the event that it is ultimately held liable to plaintiff and now moves to dismiss a third-party defendant's reciprocal counterclaim for indemnity and contribution on the same contingent basis. The motion is **DENIED**.

**STATEMENT**

Plaintiff AGCS Marine Insurance Company sued defendant Tutor Perini Corporation for negligence, trespass to chattels, trespass, conversion, and ultra-hazardous activity, alleging that Tutor Perini's excavation, demolition, and construction activities caused water to intrude and damage real property located at 212 Stockton Street, San Francisco, and occupied by AGCS's insured, Warren Corporation dba Lora Piana & Co., Inc. (*see* Dkt. No. 1). Tutor Perini answered and filed a third-party complaint against Pacific Gas & Electric Company and General Growth Properties, Inc. (GGP), for equitable indemnity, contribution, comparative fault, and negligence, alleging that the third-party defendants failed to properly seal points of entry into the Stockton property that could have prevented the water intrusion (*see* Dkt. No. 16).

PG&E answered Tutor Perini's third-party complaint and counterclaimed against both Tutor Perini and GGP for equitable indemnity, implied indemnity, comparative indemnity, contribution, apportionment, negligence, and declaratory relief, alleging that Tutor Perini negligently broke a water line and that GGP negligently designed, constructed, maintained, and owned the underground electrical utility vault that provided the point of entry for the resulting water intrusion. PG&E further alleges it merely installed electrical equipment in the vault and otherwise had no responsibility for the construction or maintenance of the vault (Dkt. No. 36). The gravamen of PG&E's counterclaim (which it has already amended once) is that Tutor Perini and GGP negligently caused and bear all liability for the water damage to Lora Piana's property. As counsel for both sides have confirmed, the counterclaim is a mirror image of the third-party complaint except for its claim for declaratory relief.

Tutor Perini now moves to dismiss PG&E's counterclaim under FRCP 12(b)(6). This order follows full briefing and oral argument.

**ANALYSIS**

FRCP 13(a), which governs compulsory counterclaims, provides, "A pleading must state as a counterclaim any claim that — at the time of its service — the pleader has against an opposing party if the claim: (A) arises out of the transaction or occurrence that is the subject matter of the opposing party's claim; and (B) does not require adding another party over whom

2

the court cannot acquire jurisdiction." The purpose of the rule is "to prevent multiplicity of litigation and to promptly bring about resolution of disputes." *See, e.g.*, *Mitchell v. CB Richard Ellis Long Term Disability Plan*, 611 F.3d 1192, 1201 (9th Cir. 2010).

FRCP 13(g), which governs crossclaims, provides, "A pleading may state as a crossclaim any claim by one party against a coparty if the claim arises out of the transaction or occurrence that is the subject matter of the original action or of a counterclaim, or if the claim relates to any property that is the subject matter of the original action. The crossclaim may include a claim that the coparty is or may be liable to the cross-claimant for all or part of a claim asserted in the action against the cross-claimant."

PG&E characterizes its pleading only as a compulsory counterclaim under FRCP 13(a) (Dkt. No. 43 at 5). Its claims against GGP, however, should actually be framed as a crossclaim against a coparty pursuant to FRCP 13(g). This is merely a technical hiccup, since the fundamental nature of the dispute between Tutor Perini, PG&E, and GGP in this action is a simple one. In short, in the event that AGCS is able to prove entitlement to damages, Tutor Perini, PG&E, and GGP disagree as to how liability for those damages should be distributed among the three of them. Only the procedures by which they may assert their respective interests against each other differ.

Nevertheless, Tutor Perini contends PG&E's counterclaim should be dismissed because (1) it is inherently predicated on the outcome of AGCS's claims against Tutor Perini and therefore cannot be mature under FRCP 13(a), and (2) it merely mirrors Tutor Perini's third-party complaint without seeking any affirmative relief. Tutor Perini does not otherwise dispute PG&E's position that its counterclaim would be compulsory under FRCP 13(a).

### 1. MATURITY CONDITION UNDER FRCP 13(A).

The maturity condition that Tutor Perini cites comes from FRCP 13(a), which describes a compulsory counterclaim as "any claim that — *at the time of its service* — the pleader has against an opposing party" (emphasis added). Tutor Perini contends PG&E's counterclaim is immature, and therefore improper under FRCP 13(a), because it is "contingent upon the outcome of the litigation" between AGCS and Tutor Perini (Dkt. No. 41-1 at 8–9). But Tutor

3

Perini does not contend — nor could it — that such contingency would bar either its own third-party complaint against PG&E under FRCP 14(a) or a crossclaim by PG&E against GGP under FRCP 13(g). *See Glens Falls Indem. Co. v. United States ex rel. and to Use of Westinghouse Elec. Supply Co.*, 229 F.2d 370, 373–74 (9th Cir. 1955) (construing FRCP 13 and 14 to "authorize the assertion of cross-claims and third-party claims contingent upon ultimate adjudication of claimant's liability to plaintiff"). In other words, Tutor Perini urges the odd result that — despite the similarities in their interests in this action — Tutor Perini can assert contingent indemnity and contribution claims against PG&E and GGP under FRCP 14(a), and PG&E can also assert such claims against GGP under FRCP 13(g), but PG&E cannot do so against Tutor Perini merely because it has brought its claims under FRCP 13(a).

Tutor Perini relies primarily on *Stahl v. Ohio River Co.*, 424 F.2d 52 (3d Cir. 1970), a decision from the Third Circuit, in support of its position. In *Stahl*, plaintiffs injured in a collision between a barge and their motorboat sued the company that owned the barge. The barge owner joined the company operating the barge as a third-party defendant. The barge operator then counterclaimed for contribution against the plaintiffs. The jury found the barge operator negligent and further found that one plaintiff negligently contributed to the collision. The district court entered judgment accordingly. On appeal, the plaintiff argued, as Tutor Perini does here, that a third-party defendant cannot counterclaim for contribution. *Id.* at 54. The Third Circuit, applying Pennsylvania law, agreed that a claim for contribution could not be the subject matter of a counterclaim under FRCP 13 "because such claim is contingent upon a verdict and judgment establishing liability of a party as a joint tortfeasor." *Id.* at 54–55 & n.2.

PG&E points out that California law permits cross-claims for indemnity or contribution among tortfeasors before any defendant has been found liable. *See Evangelatos v. Superior Court*, 44 Cal. 3d 1188, 1197–98 (1988) (citing *Am. Motorcycle Ass'n v. Superior Court*, 20 Cal. 3d 578, 604–07 (1978)); *see also NuCal Foods, Inc. v. Quality Egg LLC*, 918 F. Supp. 2d 1037, 1041–42 (E.D. Cal. 2013) (Judge Kimberly Mueller). It also notes that, after *Stahl*, other courts have decided the issue differently. *See, e.g.*, *In re Oil Spill by Amoco Cadiz Off Coast of France on March 16, 1978*, 491 F. Supp. 161, 165 (N.D. Ill. 1979) (acknowledging *Stahl* but

concluding that "the recent trend, and the more pragmatic approach, has been to permit counterclaims for contribution"). *Amoco Cadiz*, for example, adopted the rationale that "This approach seems sound when . . . the counterclaim is based on pre-action events and only the right to relief depends upon the outcome of the main action." *Ibid.* (quoting 6 Wright & Miller, *Fed. Prac. & Proc.* § 1411 (1971)). The only decision from our district to consider *Stahl* for the holding relied upon by Tutor Perini acknowledged this split and found the "pragmatic approach" more persuasive, also citing Wright & Miller, "because it facilitates the litigation of all of the claims arising from the same occurrences in the same lawsuit." *Lucas v. Hertz Corp.*, No. C 11–01581, 2012 WL 1496182, at *2 n.3 (N.D. Cal. Apr. 27, 2012) (Judge Laurel Beeler).

*Springs v. First Nat'l Bank of Cut Bank*, 835 F.2d 1293 (9th Cir. 1988), a decision cited by neither side, is also instructive. There, the defendant bank won a default judgment in a foreclosure action against the plaintiff homeowner. The homeowner then sued the bank for negligence and bad faith. The district court found both claims to be compulsory counterclaims that should have been brought in the prior foreclosure action and granted summary judgment for the bank. *Id.* at 1295. On appeal, the homeowner argued that his negligence claim did not mature as a counterclaim under FRCP 13(a) until his right to relief arose upon completion of the foreclosure action. Our court of appeals rejected this argument, adopting the rationale articulated by Wright & Miller that a counterclaim is not barred "solely because recovery on it depends on the outcome of the main action," an approach that "seems sound when the counterclaim is based on pre-action events and only the right to relief depends on the outcome of the main action." *Id.* at 1296 (quotations and citation omitted).

Here, PG&E's counterclaim against Tutor Perini — like its crossclaim against GGP and Tutor Perini's third-party complaint against PG&E and GGP — is clearly based on "pre-action events" concerning the parties' alleged roles in causing the damage to Lora Piana's property. Only their respective rights to relief actually depend on the outcome of the main litigation between AGCS and Tutor Perini. In short, this case presents the same conditions under which our court of appeals construed a claim as a compulsory counterclaim under FRCP 13(a) in *Springs*. This order agrees with Judge Beeler that the "pragmatic approach" to indemnity and

5

contribution counterclaims, which draws on the same rationale from Wright & Miller that our court of appeals adopted in *Springs*, is more persuasive here. PG&E's counterclaim against Tutor Perini is therefore not barred by FRCP 13(a).

### 2. REDUNDANCY BETWEEN COUNTERCLAIM AND THIRD-PARTY COMPLAINT.

Tutor Perini also criticizes PG&E's counterclaim as "a purely defensive pleading that does not seek or allege any affirmative relief or damages which are not already at issue in the Third-Party Complaint" (Dkt. No. 41-1 at 7). Though styled as a motion to dismiss under FRCP 12(b)(6), the thrust of Tutor Perini's argument is about the counterclaim's superfluousness and redundancy, not its legal sufficiency (*see, e.g.*, Dkt. No. 47 at 3–4). The argument therefore seems to draw from FRCP 12(f), which allows a district court to strike from a pleading any redundant or immaterial matter "to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *See Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010).

To this criticism, PG&E offers no rebuttal except to say that its claim for declaratory relief, at least, constitutes an "affirmative" claim for relief (*see* Dkt. No. 43 at 5). True, that claim for relief has no counterpart in Tutor Perini's third-party complaint, but at this stage it is difficult to see any qualitative difference between the parties' claims for indemnity or contribution and PG&E's claim for declaratory relief. The upshot remains that Tutor Perini, PG&E, and GGP all seek adjudication of their respective share of liability (if any) for the water damage to Lora Piana's property. Moreover, if PG&E's pleading remains of record at trial, it would present an extra and potentially confusing step for the jury that seems to needlessly invite the possibility of conflicting verdicts on a relatively straightforward question of shared liability. *See Ayat v. Societe Air France*, No. C 06-01574, 2007 WL 1840923, at *1 (N.D. Cal. June 27, 2007) (Judge Jeffrey White) ("The possibility that issues will be unnecessarily complicated or that superfluous pleadings will cause the trier of fact to draw unwarranted inferences at trial . . . is sufficient to support the granting of a motion to strike." (citation omitted)).

Striking PG&E's counterclaim under FRCP 12(f) would therefore be a viable option. On the other hand, its presence in the case is, at most, a theoretical problem at this time. There

is no practical difference one way or the other, and there is some chance that disposing of it at this early stage may eventually prove premature. The multitude of pleadings are little more than bare bones thus far and, if nothing else, PG&E's counterclaim has added a little factual detail to the sparse allegations of AGCS's complaint and Tutor Perini's third-party complaint (*compare* Dkt. No. 36 ¶¶ 9–11 *with* Dkt. No. 1 ¶¶ 8 *and* Dkt. No. 16 ¶¶ 10–12). Whether or not the counterclaim is truly redundant will likely become clearer as this litigation progresses. In the meantime, there is no harm in allowing it to remain. *See, e.g.*, *Stickrath v. Globalstar, Inc.*, No. C07–1941, 2008 WL 2050990, at *5 (N.D. Cal. May 13, 2008) (Judge Thelton Henderson) (the safer course is to deny the request to strike the counterclaim unless there is no doubt that it will be rendered moot by the adjudication of the main action) (quotations and citations omitted). This order therefore declines to strike PG&E's counterclaim as redundant at this time but expressly reserves the possibility that it may be stricken later on if no justification for its continued presence emerges, including to simplify the issues needing resolution at trial.

## CONCLUSION

For the foregoing reasons, Tutor Perini's motion to dismiss PG&E's counterclaim is **DENIED**. If PG&E nevertheless wishes to amend its counterclaim, it may seek leave to do so pursuant to the case management scheduling order (Dkt. No. 40).

**IT IS SO ORDERED.**

Dated: June 22, 2017.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE